

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JAMES GHAISAR, et al., )
)
Plaintiffs, )
)
v. ) Case No. 1:19-cv-1224 (CMH/IDD)
)
UNITED STATES OF AMERICA, )
)
Defendants. )
)
)

## STIPULATED PROTECTIVE ORDER

The parties, having conferred, hereby stipulate and agree as follows:

As part of the discovery process, in order to permit the parties to disclose information relevant to the claims and/or defenses in this action that is proportional to the needs of the case, while simultaneously securing information that is or may be protected from disclosure by the Privacy Act of 1974 ("Privacy Act"), *see* 5 U.S.C. § 552a, or the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), or for which special protection from public disclosure may be warranted, the parties stipulate to and petition the Court to enter this Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not entitle them to automatic sealing of Protected Material on the court docket. Any motion to file documents under seal will be made in compliance with the standards set forth in *Ashcraft v. Conoco, Inc.*, 218 F.3d 288 (4th Cir. 2000), and Local Civil Rule 5.

1. **DEFINITIONS**

a. Challenging Party: A party that challenges the designation of information or items under this Stipulated Protective Order.

b. "PROTECTED" Information or Items:

   i. Information, including electronically stored information, that is protected or restricted from disclosure, under the terms of the Privacy Act or HIPAA or other statute or regulation.

   ii. Information concerning law enforcement investigation(s) that has not been publicly disclosed.

   iii. All other protected documents, information, or tangible things not identified above that the parties agree in writing or the Court orders qualify for protection under Federal Rule of Civil Procedure 26(c).

c. ATTORNEYS' EYES ONLY Information or Items: extremely sensitive information or items disclosure of which to another Party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

d. Designating Party: Any federal or state agency and/or any plaintiff that designates information or items that it produces in disclosures or in responses to discovery requests, including subpoenas, as "PROTECTED" or "ATTORNEYS' EYES ONLY".

e. Producing Party: Any federal or state agency and/or any plaintiff that produces disclosure or discovery material in this action.

f. Protected Material: Any disclosure or discovery material that is designated as "PROTECTED" or "ATTORNEYS' EYES ONLY".

g. Receiving Party: Any party in the above-captioned action that receives disclosures or discovery material from a Producing Party.

2. **DESIGNATING PROTECTED MATERIAL**

   a. The producing party shall designate material as protected by this Order by so marking on every page or portion of the material with the term "SUBJECT TO PROTECTIVE ORDER" for material designated PROTECTED or by marking on every page or portion of the material with the term "ATTORNEYS' EYES ONLY" for material so designated, or in the case of materials where marking a page is impracticable, by making such designation in a cover letter accompanying the material.

   b. A Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed PROTECTED and/or ATTORNEYS' EYES ONLY Material. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party will follow the designation procedures set forth in this section.

   c. Any person having access to material protected by this Order shall be informed that it is "PROTECTED" and/or "ATTORNEYS' EYES ONLY" and subject to a non-disclosure order by this Court.

3. **CHALLENGING "PROTECTED" AND "ATTORNEYS' EYES ONLY" DESIGNATIONS**

    a. <u>Timing of Challenges</u>: Any Party may challenge a designation of "PROTECTED" or "ATTORNEYS' EYES ONLY" at any time.

    b. <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulated Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within ten (10) business days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

    c. <u>Judicial Intervention</u>: If the Parties cannot resolve a challenge without court intervention after a good-faith effort to resolve the disagreement, either the Designating or the Challenging Party may apply to the Court for a ruling that the Protected Material objected to shall (as applicable) be treated or not treated as PROTECTED or ATTORNEYS' EYES ONLY. Until this Court enters an order determining the status of the information whose designation under this Stipulated Protective Order is being objected to, such material shall be treated as designated

under this Stipulated Protective Order, unless the Parties otherwise agree by written stipulation.

d. The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

4. **ACCESS TO AND USE OF PROTECTED MATERIAL**

   a. Right of access to this material shall be limited to the parties, counsel for the parties, expert consultants or expert witnesses in their employ, witnesses with a need to examine such materials, paralegals and other support staff assisting with the action, the Court and its employees, and any other person mutually authorized by all counsel to examine such materials.

   b. Protected Material may be used solely for purposes of the above-captioned litigation. If the need arises to disclose any of the Protected Material in the instant action in the related action, *Ghaisar, et al. v. Amaya, et al.*, 1:18-cv-1296 (E.D. Va.), counsel for the Parties in the above-captioned action will meet and confer with counsel for the parties in *Ghaisar, et al. v. Amaya, et al.*, to ensure the entry of a protective order that mirrors the restrictions in this protective order prior to the disclosure of any Protected Material.

   c. Once disclosed to any party, the Receiving Party and their attorney(s) shall ensure that right of access to (or disclosure of) material protected by this Order, unless filed with the court in accordance with Local Rule 5(c), shall be limited to the following persons:

    i. the parties to this civil action, as reflected in the Complaint, as well as Negeen Ghaisar and Kouros Emami;

    ii. a party's attorney(s)-of-record, and other attorneys associated with the party's attorney(s)-of-record that have been engaged specifically for the litigation of this civil action, and support personnel, including service contractors (such as document management or copy services and duplication and data processing personnel), who are engaged or assigned to work on this civil action under the supervision of the party's attorney(s);

    iii. the Court and those employed by the Court, including court reporters;

    iv. outside experts and consultants, including trial consultants, who have been retained by a party's attorney(s) specifically for this civil action for the purpose of assisting in the preparation of this litigation, as well as the necessary clerical assistants of the aforementioned outside experts and consultants; and

    v. other person(s) mutually authorized by counsel to both parties to examine such materials.

d. All entities with access to the protected material as described in paragraph (c), *supra*, shall maintain such protected information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, and use of all such material.

e. All copies of material protected by this Order shall be returned to counsel for the disclosing party within sixty (60) days of the conclusion of all trial and appellate proceedings or shall be destroyed.

5. **ACCESS TO AND USE OF ATTORNEYS' EYES ONLY MATERIAL**

   a. Right of access to this material shall be limited to counsel for the parties, expert consultants or expert witnesses in their employ, paralegals and other support staff assisting with the action, the Court and its employees, and any other person mutually authorized by all counsel to examine such materials.

   b. Once disclosed to any party, the Receiving Party and their attorney(s) shall ensure that right of access to (or disclosure of) material protected by this Order, unless filed with the court in accordance with Local Rule 5(c), shall be limited to the following persons:

      i. a party's attorney(s)-of-record, and other attorneys associated with the party's attorney(s)-of-record that have been engaged specifically for the litigation of this civil action, and support personnel, including service contractors (such as document management or copy services and duplication and data processing personnel), who are engaged or assigned to work on this civil action under the supervision of the party's attorney(s);

      ii. the Court and those employed by the Court, including court reporters;

      iii. outside experts and consultants who have been retained by a party's attorney(s) specifically for this civil action for the purpose of assisting in

the preparation of this litigation, as well as the necessary clerical assistants of the aforementioned outside experts and consultants; and

    iv. other person(s) mutually authorized by counsel to both parties to examine such materials

c. The parties and their counsel shall maintain such information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, and use of all such material.

d. All copies of material protected by this Order shall be returned to counsel for the disclosing party within sixty (60) days of the conclusion of all trial and appellate proceedings or shall be destroyed.

6. **MISCELLANEOUS**

   a. <u>Authorization to Disclose Information Subject to the Privacy Act</u>. To the extent the Privacy Act or HIPAA allows the disclosure of protected information pursuant to a court order, *see* 5 U.S.C. § 552a(b)(11), this Order constitutes such a court order.

   b. Nothing in this Order shall prevent disclosure as required by law or compelled by order of any court. Nothing in this Order shall be construed to confer rights on any third party. Nothing in this Order shall be construed to permit the disclosure of classified information or information prohibited from disclosure by other applicable privileges or protections.

c. This Order is without prejudice to the right of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority.

d. If a Party expects to use Protected Material at any hearing, trial, or appellate proceeding in this action, the Receiving Party shall provide the Designating Party with sufficient opportunity to allow the parties to prepare a joint stipulation, or for the Designating Party to otherwise request that the Court exclude information from the public record.

e. The parties and their counsel are required to advise those to whom they disclose Protected Material consistent with ¶5(b), *supra*, that the information is protected by this Order and are required to ensure that the individuals receiving protected material are aware of the provisions of this Order and their obligations thereunder;

f. In the event that the parties seek to utilize material protected by this Order during depositions, any deposition questioning that would elicit testimony regarding material protected by this Order may only be conducted in the presence of individuals who have a right to access the Protected Material under the provisions of this Order. Portions of the deposition involving questions or answers related to the Protected Materials must be marked "SUBJECT TO THE PROTECTIVE ORDER" and must be treated in accordance with the terms of this Order.

g. Inadvertent production or disclosure of Protected Material does not constitute a waiver of any privilege. Should any privileged information be inadvertently disclosed, the Party asserting the privilege may seek to recall the information in

accordance with Federal Rule of Evidence 502 and ¶ 6a of the Parties Joint Discovery Plan.

Dated: 6 Mar 20

/s/
Ivan D. Davis
United States Magistrate Judge