UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

```
JAMES GHAISAR and KELARA      .    Civil Action No. 1:19cv1224
GHAISAR,                      .
                              .
       Plaintiffs,            .
                              .
vs.                           .    Alexandria, Virginia
                              .    March 6, 2020
UNITED STATES OF AMERICA,     .    10:03 a.m.
                              .
       Defendant.             .
                              .
. . . . . . . . . . .    X
```

TRANSCRIPT OF MOTION HEARING
BEFORE THE HONORABLE IVAN D. DAVIS
UNITED STATES MAGISTRATE JUDGE

<u>APPEARANCES</u>:

FOR THE PLAINTIFFS:         THOMAS G. CONNOLLY, ESQ.
                            Harris, Wiltshire & Grannis LLP
                            1919 M Street, N.W., 8th Floor
                            Washington, D.C. 20036


FOR THE DEFENDANT:          KIMERE J. KIMBALL, AUSA
                            United States Attorney's Office
                            2100 Jamieson Avenue
                            Alexandria, VA 22314


TRANSCRIBER:                ANNELIESE J. THOMSON, RDR, CRR
                            U.S. District Court, Third Floor
                            401 Courthouse Square
                            Alexandria, VA 22314
                            (703)299-8595



(Pages 1 - 12)


(Proceedings recorded by electronic sound recording, transcript produced by computerized transcription.)

```
 1                     P R O C E E D I N G S
 2             THE CLERK:  Civil Action No. 19cv1224, James Ghaisar,
 3   et al., versus United States of America.  Will counsel please
 4   come to the podium and state your name for the record.
 5             MS. KIMBALL:  Good morning, Your Honor.  Assistant
 6   United States Attorney Kimere Kimball, here today for the
 7   United States.
 8             THE COURT:  Good morning.
 9             MR. CONNOLLY:  Your Honor, good morning.  I'm Tom
10   Connolly on behalf of the Ghaisar family.
11             THE COURT:  Good morning.
12             MR. CONNOLLY:  Good morning.
13             THE COURT:  This matter is before the Court on, I
14   believe, the -- a consent motion to extend time for expert
15   reports.  The only reason I really had held this was based on
16   information that was included in the actual motion and, of
17   course, the fact that you said based on additional information
18   received from your conference with the government, that you
19   wish to have a hearing.
20             Is there anything you'd like to add at this juncture?
21   I'm a little concerned, I'm going to say right off the bat,
22   based on the information that says that the United States has
23   informed the plaintiff that they intend to produce documents in
24   stages.  I don't recall that being the discovery process agreed
25   to in the joint discovery plan.
```

3

1                 The rules are clear.  You propound discovery.
2    Objections are due 15 days afterwards.  Responses are due 30
3    days afterwards.  The parties bilaterally cannot agree or one
4    party cannot unilaterally make a determination that they can go
5    outside those rules without the -- an order from the Court.
6                 MR. CONNOLLY:  Your Honor, I, I share the Court's
7    concerns, and this was not a bilateral consent.  It was a
8    surprise, in fact, when we received this.
9                 We were here -- we've been here for a long time in
10   this matter.  In November of this year -- or last year, the
11   government filed its answers to the complaint.  It knew in
12   November what -- essentially what the field of documents that
13   were going to be at issue here, and frankly, that's the FBI's
14   investigative file for the shooting of -- actually the murder
15   of Bijan Ghaisar.
16                So we were astonished to find out that 30 days after
17   we filed our discovery request, which was the day this Court
18   issued a scheduling order, so there was no delay on our part,
19   we were surprised to find that the date that those materials
20   were due, the government was taking the position that this was
21   going to be a rolling discovery and that they would have up to
22   March 24 to provide materials to us.
23                We have a May 15 cutoff date in discovery.  I can't
24   even issue, Your Honor, a subpoena for -- or a notice for a
25   deposition for anybody until I get the files that we're

4

1  entitled to and we were entitled to last week.  Until I receive

2  those and review those, I can't possibly even issue deposition

3  notices to know exactly who I want to talk to in discovery

4  here.

5          So you're right that this was unilateral.  It was a

6  surprise, and I'm, I'm afraid it reflects a larger problem.

7  I'm afraid that we're going to be in front of this Court --

8          THE COURT:  That problem will end today.

9          MR. CONNOLLY:  Okay.  There are three or four

10  categories that we're going to have to move to compel on,

11  unfortunately, and I'm afraid that this is going to be

12  continued --

13          THE COURT:  Why are we moving to compel?  We have a

14  local rule that requires both parties before filing any motion

15  to meet and confer in person or by telephone in good faith to

16  resolve any discovery disputes before any motions are filed.

17          MR. CONNOLLY:  And, Your Honor, we've --

18          THE COURT:  I have to remind many parties on Friday

19  morning good faith doesn't mean my way or the highway.  It

20  doesn't mean take it or leave it.

21          MR. CONNOLLY:  I agree with Your Honor.

22          THE COURT:  Good faith is like a settlement

23  conference.  It's about compromise.

24          MR. CONNOLLY:  So let me say this:  that we have had

25  multiple discussions in an effort to meet and confer, and we've

1  narrowed down our disagreements from maybe ten to twelve issues
2  down to three, but they remain, and there are three issues in
3  discovery that we think we're entitled to the government has
4  taken the position we're not.
5          So unfortunately, throughout the efforts --
6          THE COURT:  Parties can't unilaterally decide what's
7  relevant or not relevant in discovery.  That's a determination
8  the Court makes.  If you have an issue with relevancy, the
9  Federal Rules of Civil Procedure and the local rules of this
10  Court provide a process by which to deal with that.
11          MR. CONNOLLY:  Correct.  Agree with you entirely,
12  Your Honor.
13          So we find ourselves here in front of the Court on a
14  consent motion request to extend the deadlines for our expert
15  discovery because we have not received any -- our expert
16  disclosure.  We've not received any discovery to date that
17  would be helpful for the expert to inform his decision.  We
18  don't know when we're going to receive those.  The government
19  says they may on a rolling basis produce those as late as
20  March 24.
21          Well, if I get these on March 24 --
22          THE COURT:  When was discovery propounded?
23          MR. CONNOLLY:  On the 24th of January, Your Honor.
24  So the materials --
25          THE COURT:  So the responses were due --

1           MR. CONNOLLY: February 24.

2           THE COURT: -- February 24.

3           MR. CONNOLLY: And we are now at February -- March, I
4 don't even know what date it is, I've been home sick, Your
5 Honor, but we are well beyond that, and the only materials I've
6 received to date are essentially the policy manuals and
7 guidelines for the Park Police that are available otherwise on
8 the internet. So that's where we find ourselves in this
9 situation.

10           I've got a May 15 discovery cutoff. I'm bringing
11 this to the attention of the Court so we can get, you know,
12 some guidance from the Court about how we're going to move this
13 case along, and in, in my frustration with kind of where we
14 find ourself right now.

15           THE COURT: Well, obviously, de facto the motion is
16 obviously granted, because the expert reports were due
17 February 28 and we're in March now.

18           MR. CONNOLLY: Correct.

19           THE COURT: The only question is when would that
20 extension date be to.

21           MR. CONNOLLY: And, Your Honor, I don't -- since we
22 don't know when we're going to get the discovery, I'm --

23           THE COURT: No, we're going to find that out right
24 now.

25           MR. CONNOLLY: So my suggestion would be if, if it

```
                                                                    7
 1   please the Court, that whatever date we get discovery that
 2   actually matters here, that the expert has ten days in order to
 3   study that in order to make his report due.
 4              So whatever floating date that is, I don't think it's
 5   going to be floating after, after today's session, but that
 6   would be my suggestion.  We're, we're intent on moving this
 7   case along.
 8              THE COURT:  Thank you.
 9              MS. KIMBALL:  Good morning, Your Honor.  I'd start by
10   noting that under the 2015 amendments to the Federal Rules, the
11   Advisory Committee notes specifically state that production
12   must be completed either by the time specified in the request
13   or by another reasonable time specified -- specifically
14   identified in the responses.  When it is necessary to make the
15   production in stages, the responses should specify the
16   beginning and end date of the production.
17              THE COURT:  And the Court makes the determination on
18   when and when not something's necessary, not the parties.
19              MS. KIMBALL:  I understand the Court's position.
20   That's, that's not how I've read the rules, but I understand
21   the Court's position.
22              THE COURT:  Well, you've read them wrong.
23              MS. KIMBALL:  Okay.  Well, I'll explain the situation
24   here.  We have had the FBI working on producing the file since
25   November.
```

```
                                                                    7
 1   please the Court, that whatever date we get discovery that
 2   actually matters here, that the expert has ten days in order to
 3   study that in order to make his report due.
 4              So whatever floating date that is, I don't think it's
 5   going to be floating after, after today's session, but that
 6   would be my suggestion.  We're, we're intent on moving this
 7   case along.
 8              THE COURT:  Thank you.
 9              MS. KIMBALL:  Good morning, Your Honor.  I'd start by
10   noting that under the 2015 amendments to the Federal Rules, the
11   Advisory Committee notes specifically state that production
12   must be completed either by the time specified in the request
13   or by another reasonable time specified -- specifically
14   identified in the responses.  When it is necessary to make the
15   production in stages, the responses should specify the
16   beginning and end date of the production.
17              THE COURT:  And the Court makes the determination on
18   when and when not something's necessary, not the parties.
19              MS. KIMBALL:  I understand the Court's position.
20   That's, that's not how I've read the rules, but I understand
21   the Court's position.
22              THE COURT:  Well, you've read them wrong.
23              MS. KIMBALL:  Okay.  Well, I'll explain the situation
24   here.  We have had the FBI working on producing the file since
25   November.
```

8

1  THE COURT: How do you mean, working on? They have
2  documents in their possession, they turn them over.
3  MS. KIMBALL: It's an extremely voluminous file in
4  which they attained information from another --
5  THE COURT: Then you put it on a disc or a thumb
6  drive and you turn it over.
7  MS. KIMBALL: So the -- because it's a very sensitive
8  law enforcement investigation, the FBI has to conduct a
9  privilege review.
10  THE COURT: There are plenty of cases in this
11  courtroom that are sensitive. Sensitivity, if you have issues
12  with sensitivity, that's what protective orders are for. You
13  do not not provide information because it's sensitive.
14  The other side has an absolute right to information
15  that's necessary to prove the elements of the claims. That's
16  what the rules say.
17  MS. KIMBALL: And we have --
18  THE COURT: It doesn't say you're not required to
19  provide it or you don't have to follow the rules in production
20  simply because the information is sensitive. If you have legal
21  authority for that position, point it out.
22  MS. KIMBALL: Well, we filed -- or we served our
23  objections in which we -- in which we claim certain privileges
24  and objected to the scope, and beyond that, Your Honor, we have
25  filed a, a joint motion for a protective order.

1    THE COURT: If you believe there was a problem,
2  objections were due 15 days. Responses were due 30 days after
3  the request. It's past 30 days. You were either required to
4  produce it within 30 days, if you thought it wasn't appropriate
5  to produce it, then the rules provide a process by which to
6  deal with that. It's called a motion for protection.
7    MS. KIMBALL: Well --
8    THE COURT: You didn't file one.
9    MS. KIMBALL: We --
10    THE COURT: So you're required to produce, period.
11    MS. KIMBALL: Respectfully, Your Honor, we served --
12  we filed a stipulated protective order, and by statute, we
13  can't produce until --
14    THE COURT: I'm talking about under rule 26. If you
15  believe that they requested information that wasn't appropriate
16  to provide, you file a motion under rule 26 of the Federal
17  Rules of Civil Procedure to seek a court ruling. You do not
18  unilaterally decide for yourself.
19    MS. KIMBALL: Respectfully, Your Honor, we did not
20  unilaterally decide. We objected, and then it's incumbent on
21  the parties to meet and confer and potentially move to compel.
22    THE COURT: The rules require production within 30
23  days. You either produce within the 30 days or you file a
24  motion for the Court to determine whether you should or you
25  shouldn't. Those are the only two options. Nonproduction not

1  within the 30 days is not an option --
2            MS. KIMBALL:  Then respectfully --
3            THE COURT:  -- under the rules.
4            You can use the word "respectfully" as much as you
5  want.  That's the law.
6            MS. KIMBALL:  I understand, Your Honor.  Then we
7  would request the opportunity to file a protective order.
8            THE COURT:  Well, at this juncture --
9            MS. KIMBALL:  A motion for a protective order.
10           THE COURT:  -- your opportunity is over.
11           You will produce the information by close of business
12 next Friday.
13           MS. KIMBALL:  Thank you, Your Honor.
14           THE COURT:  Expert reports from the plaintiffs'
15 standpoint would then be due the 27th -- no, you said ten days?
16 That would be Monday the 23rd.
17           MR. CONNOLLY:  Thank you, Your Honor.
18           THE COURT:  Anything further in this matter?
19           MR. CONNOLLY:  Not now, Your Honor.  Thank you.  Have
20 a nice weekend.
21           THE COURT:  You too.
22           MS. KIMBALL:  With respect to the stipulated
23 protective order that we filed, by, by statute we can't produce
24 anything that's Privacy Act protected or -- until that order
25 has been entered by the Court.

1         THE COURT: Why hasn't it been? I haven't seen --
2 have you given it to the Court?
3         MS. KIMBALL: Yes, Your Honor.
4         THE COURT: When?
5         MS. KIMBALL: We filed it on Tuesday with the -- it's
6 an agreed order, so it had to be filed on paper. We filed it
7 on Tuesday with the Clerk's Office, and my administrative
8 assistant brought a courtesy copy up to your chambers, but I
9 have it with me again today if Your Honor would like it.
10         THE COURT: I believe I've signed it.
11         MS. KIMBALL: Oh, then it hasn't -- I haven't seen it
12 in the docket yet. So perhaps it, it just hasn't -- perhaps
13 there's just a delay with the Clerk's Office.
14         THE COURT: For future reference, it is the position
15 of this Court that information is not to be withheld in the
16 discovery process simply because a protective order has not
17 been entered. The policy generally speaking is that the
18 parties will agree that any information provided would be
19 provided as if a protective order were in place.
20         MS. KIMBALL: Okay. Thank you, Your Honor.
21         THE COURT: Anything further?
22         MR. CONNOLLY: Thank you, Your Honor.
23         THE COURT: There appearing nothing further, this
24 Court stands adjourned.
25

1  (Which were all the proceedings
2  had at this time.)
3
4  CERTIFICATE OF THE TRANSCRIBER
5  I certify that the foregoing is a correct transcript from
6  the official electronic sound recording of the proceedings in
7  the above-entitled matter.
8
9                              /s/
                       Anneliese J. Thomson
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25