IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JAMES GHAISAR, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Civil Action No. 1:19-cv-1224 (CMH/IDD) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF GOVERNMENT'S MOTION FOR LEAVE TO FILE UNDER SEAL AND PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF PLAINTIFFS' REPLY ON THE MOTION TO STRIKE**

Pursuant to Local Civil Rule 5(C), Plaintiffs respond in support of the Government's Motion for Leave to File Under Seal (Dkt. No. 104), which seeks to seal materials designated by Plaintiffs as confidential. Plaintiffs are also filing a motion to seal portions of their motion to strike that address the same materials the Government filed under seal. Because the two motions address the same materials, Plaintiffs file this single memorandum in support of both motions.

I. **Non-Confidential Description of the Material Filed Under Seal**

Plaintiffs provide here a non-confidential description of the material that filed under seal: the Government filed under seal, and Plaintiffs seek to maintain under seal permanently, the portions of the deposition transcript of a medical professional that the Government filed as Exhibit DEX 8 to its summary judgment brief. Plaintiffs also seek to maintain under seal permanently the portions of the Government's response to Plaintiffs' motion to strike and Plaintiffs' reply on the motion that reference DEX 8.

## II. DEX 8 and Statements in the Record that Reference It Should Remain Sealed Permanently

The Court should permanently seal DEX 8 and references to it in the parties' briefing on Plaintiffs' motion to strike, and any subsequent references in the judicial record. Courts have power to seal court documents "if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). Before granting a motion to seal a document, a court "must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives."[1] *Id.* The public notice requirement is satisfied by the Government's notice of the motion to seal (Dkt. No. 78). The latter two requirements are met with regard to DEX 8 because it contains sensitive personal medical information and there is no less drastic alternative to sealing the material.

A number of district courts in the Fourth Circuit have granted motions to seal documents containing sensitive medical information with no hesitation and little analysis. *E.g. Langley v. Director*, 2010 WL 2483876, at *2 (E.D. Va. May 28, 2010) (granting motion to seal documents related to . . . medical treatment without analysis); *Moore v. Wash. Hosp. Center*, 2012 WL 2915165, at *6-7 (D. Md. July 16, 2012) (granting motion to seal documents containing "sensitive health information"; collecting cases); *Collins v. Chemical Coatings, Inc.*, 2008 WL 5105277, at *2 (W.D.N.C. Dec. 1, 2008) (observing that "[c]learly, sealing is necessary to

---

[1] Local Civil Rule 5(C) incorporates the *Ashcraft* requirements and adds additional requirements. It requires a party seeking to seal documents to provide: (1) a non-confidential description of what is to be sealed; (2) a statement as to why sealing is necessary, and why another procedure will not suffice; (3) references to governing case law; and (4) a statement as to the period of time the party seeks to have the matter maintained under seal and as to how the matter is to be handled upon unsealing. Plaintiffs satisfy these requirements with this brief.

protect sensitive personal health information . . . from becoming public records"). Here, the Ghaisar Family's interest in protecting their son's "personal . . . health information . . . heavily outweighs the public interest[] in access" to DEX 8. *Glisson v. Hooks*, 2019 WL 2366470, at *3 (W.D.N.C. June 4, 2019) (internal quotation and alteration omitted). Indeed, there is no public interest in DEX 8 because, as discussed in Plaintiffs' motion to strike, it is not even relevant to this litigation. Moreover, the Government only cites DEX 8 three times, and maintaining the references under seal will only result in two lines of the Government's brief being redacted. Even if the material from DEX 8 that the Government relies on is material, it is not a key piece of this case.

Meanwhile, there is no less drastic alternative to sealing DEX 8 and the portions of the record that reference it. The entirety of DEX 8 deals with Bijan's medical treatment, as do the portions of the parties' briefing that reference it. *See Glisson*, 2019 WL 2366470 at *3 ("Redaction is not an appropriate alternative, as it likely would require blacking out most of the [medical] report.").

## CONCLUSION

The sealed materials are irrelevant and relate to sensitive personal health information. The Ghaisar Family's interest in protecting the information far outweighs the public interest in access to judicial records. The materials should be sealed permanently.

Dated: October 13, 2020                                    Respectfully submitted,

<u>/s/ Thomas G. Connolly</u>
Thomas G. Connolly (VA Bar No. 29164)
Roy L. Austin, Jr. (*pro hac vice*)
HARRIS, WILTSHIRE & GRANNIS LLP
1919 M Street NW, 8th Floor
Washington, D.C. 20036
Telephone: 202-730-1300
tconnolly@hwglaw.com
raustin@hwglaw.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2020 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve notice of such filing upon all parties and counsel of record.

<u>/s/ Thomas G. Connolly</u>

Thomas G. Connolly (VA Bar No. 29164)
HARRIS, WILTSHIRE & GRANNIS LLP
1919 M Street NW, 8th Floor
Washington, D.C. 20036
Telephone: 202-730-1300
tconnolly@hwglaw.com