**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| JAMES AND KELARA GHAISAR, Individually and as Personal Representatives and Co-Administrators of the Estate of Bijan C. Ghaisar, Deceased, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br> Defendant. | Case No. 1:19-cv-1224 (CMH/IDD) |

## MOTION TO CONTINUE HEARING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

Defendant, the United States of America, hereby respectfully moves this Court to continue the currently-scheduled hearing on the parties' cross-motions for summary judgment in the above-captioned action from October 23, 2020, until November 6, 2020. Plaintiffs – through their counsel – have indicated that they would consent to a one-week continuance of the currently-schedule summary judgment hearing, or until October 30, 2020. Although the United States believes it is in the best interests of the parties and this Court for the United States' motion to reconsider its stay motion to be heard first, on October 30, 2020, and the cross-motions for summary judgment to be heard on November 6, 2020, at the very least the United States requests that the Court grant a consented-to one-week continuance and hear both motions on October 30, 2020.

The good cause for this relief is as follows:

1. In this action, Plaintiffs seek relief against the United States pursuant to the Federal Tort Claims Act, based primarily on the actions of United States Park Police Officers Alejandro Amaya and Lucas Vinyard in employing deadly force against Bijan Ghaisar on the

1

evening on November 17, 2017. Both Plaintiffs and the United States have filed motions for summary judgment, and those motions are currently scheduled to be heard by this Court on October 23, 2020.

2. Previously, the United States sought a stay of the proceedings in this civil action based upon the fact that Officers Amaya and Vinyard had – based on an open criminal investigation by the Office of the Commonwealth's Attorney for Fairfax County – invoked their Fifth Amendment rights against self-incrimination.

    a. This Court denied that motion in early September 2020, noting that although "a stay might be appropriate" if "there was some indication that there was even any kind of expeditious work going on, or some kind of time frame that a decision would be made," because neither it nor the parties had any indication of when Fairfax County authorities would act, the balancing of the equities disfavored a stay. *Hr'g Tr.* (Dkt. 95) at 18:13-16.

    b. Five days ago, on the very day that the parties completed their summary judgment briefing, a decision was made; namely, a grand jury sitting in the Fairfax County Circuit Court issued indictments against Officers Amaya and Vinyard for involuntary manslaughter and reckless discharge of a firearm.

    c. Because the very basis of this Court's previous stay denial has now changed, the United States has – simultaneously with this motion – sought this Court's reconsideration of that ruling, and has noticed that motion for a hearing on October 30, 2020.

3. Continuing the summary judgment hearing until after the Court decides whether a stay is appropriate would conserve the Court's and the parties' resources and ensure a proper sequencing of decisions. The parties' summary judgment papers involve hotly contested issues relating to the availability of the officers' testimony that need not and should not be resolved at

this time if the Court concludes that a stay is now appropriate. For example, the parties contest whether the Court should draw adverse inferences arising out of the officers' present invocation of their Fifth Amendment rights and whether the Court may properly consider statements by the officers and their counsel under Federal Rule of Evidence 703. These issues, among others, do not warrant the Court's time and attention at a summary judgment hearing if the case is to be stayed until a time that the officers may testify.

4. In addition, just before the aforementioned indictments issued, undersigned counsel obtained guidance from the Department of Justice's Civil Division that will allow the parties – through their respective counsel – to engage in settlement discussions.[1] Continuing the summary judgment hearing until November 6, 2020 will allow the parties to make an attempt at settlement.

5. For the foregoing reasons, the United States respectfully requests that this Court continue the currently-scheduled hearing on the parties' motions for summary judgment until November 6, 2020, in order to allow this Court first to hear the United States' stay-related motion for reconsideration. In the alternative, the United States respectfully requests a one-week continuance of the summary judgment hearing, to October 30, 2020, to which Plaintiffs, through counsel, have consented.

//

---

[1] As undersigned counsel explained to plaintiffs' counsel in previous correspondence, the authority to settle cases brought against the United States at certain amounts lies in senior officials at the Department of Justice (outside the Office of the United States Attorney). In those instances, the Department of Justice has created a process that allows undersigned counsel to obtain a settlement figure in a given case that Department of Justice Civil Division personnel will support with those senior Department officials. If the parties are able to come to an agreement in principle to settle a civil action within that "supported" amount, the final settlement will be submitted to the appropriate Department official for review and final approval.

Dated: October 20, 2020

Respectfully submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

*By*: _____/s/_____
DENNIS C. BARGHAAN, JR.
Deputy Chief, Civil Division
KIMERE J. KIMBALL
MEGHAN LOFTUS
Assistant United States Attorneys
Office of the United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3891/3763/3757
Fax: (703) 299-3983
Dennis.barghaan@usdoj.gov
kimere.kimball@usdoj.gov
Meghan.loftus@usdoj.gov

ATTORNEYS FOR THE UNITED STATES