**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | |
|---|---|
| JAMES GHAISAR et al., | |
| Plaintiffs, | Civil Action No. 1:19-cv-1224 (CMH/IDD) |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
UNITED STATES OF AMERICA'S MOTION FOR RECONSIDERATION**

Nearly three years ago, United States Park Police officers shot and killed Bijan Ghaisar. The Ghaisars have waited nearly three years for justice. Now, with the parties' cross-motions for summary judgment fully briefed and ready to be heard by the Court, the Government has, again, moved for an indefinite stay of this case.

The fact that Officers Vinyard and Amaya have now been indicted by a Fairfax County grand jury does not justify an indefinite stay of this case, particularly since both motions to stay and motions for reconsideration are disfavored. As the summary judgment briefing demonstrates, it is not at all clear that proceeding to trial without the officers available to testify would prejudice the Government. By contrast, requiring the Ghaisars to wait even longer (potentially years) for their day in court would significantly prejudice them. The Ghaisars therefore respectfully request that the Court deny the Government's motion to reconsider the denial of stay.

1

## BACKGROUND

As the background of this case has been extensively briefed, Plaintiffs will recount only those facts relevant to the present Motion.

Nearly three years ago, Officers Amaya and Vinyard fatally shot Bijan Ghaisar near the George Washington Parkway. Since that time, Bijan's family has sought justice for his wrongful killing. Unfortunately, progress has been exceedingly slow. After an almost two-year investigation of a case with a miniscule number of eyewitnesses to the shooting and a videotape that provides virtually all of the necessary information, the United States Department of Justice (DOJ) failed to indict Officers Vinyard and Amaya. And, DOJ failed to even meet with the Ghaisar family prior to announcing its decision, thereby violating a promise DOJ prosecutors made to the family. The same DOJ has refused to fully cooperate with Fairfax Commonwealth Attorney's Office causing further delay. The Ghaisars filed this case over a year ago on September 19, 2019, seeking redress for their son's killing and the resulting mistreatment they endured. (Dkt. 1).

On August 19, 2020 the Government moved for an indefinite stay of this case. This Court ruled that a stay was not appropriate and that the case should proceed as scheduled. Minute Entry (Dkt. 60); Order (Dkt. 61). Following this denial of the Government's prior motion to stay, the parties proceeded to file cross-motions for summary judgment and partial dismissal. (Dkts. 68; 75). On October 15, 2020, the parties completed briefing on their dispositive cross-motions. (Dkts. 144; 115).

This Court was scheduled to hear argument on these fully briefed Motions last Friday, October 23, 2020. After enduring years of delay, the Ghaisars were tantalizingly close to their first opportunity for justice. At the final moment, despite the fact that the Government is largely

responsible for repeated delays, the Government has again sought to delay this case by renewing their motion for an indefinite stay. The Government argues that an indefinite stay is necessary in light of Officers Amaya and Vinyard's recent indictment by the Fairfax County grand jury.

Plaintiffs are fully prepared to argue their summary judgment motion now, which should dispose of this case in its entirety. If the Ghaisars are not given this opportunity, it may be years before they have their day in court. Not only is the length of the Fairfax prosecution unknown, the DOJ may, at any point, reconsider its decision not to indict Officers Vinyard and Amaya. Under these circumstances, the notion that these two police officers will ever testify in this civil action is a pipe dream.

Although the Ghaisars strongly oppose delaying this case, they do understand the need for flexible scheduling. Accordingly, while Plaintiffs do not agree to any stay of the Court's consideration of the dispositive motions, they agree to a limited, non-indefinite stay of trial if the Court does not dispose of the case on the parties' dispositive motions. Thus, Plaintiffs propose that the Court stay only the trial in this case and schedule a status conference for March of 2021. At that point, if the Court has not disposed of the case on summary judgment, the Court should then determine the status of this matter.

**ARGUMENT**

The Government has a heavy burden here. Motions for reconsideration "are disfavored and should be granted sparingly." *Wootten v. Commonwealth of Va.*, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016) (quotation marks omitted). Motions to stay are also disfavored. *Diedrich v. City of Newport News*, 2016 WL 3002410, *1 (E.D. Va. May 20, 2016). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127

(4th Cir. 1983). Meanwhile, there is no constitutional requirement that civil proceedings be stayed while related criminal proceedings are pending. Indeed, even in cases involving related civil and criminal actions, courts consider a stay of the civil proceedings pending the outcome of the criminal case an "extraordinary remedy." *Trustees of Plumbers and Pipefitters National Pension Fund v. Transworld Mechanical, Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995).

Here, the Government has not shown the "clear and convincing circumstances" necessary to justify an indefinite stay. An indefinite stay would substantially prejudice the Ghaisars, who have already waited nearly three years since their son was killed for any resolution of this matter. The indictments of the officers do little to ensure that the officers will be available to testify in the near future. On the other hand, proceeding to trial or disposing of the case on summary judgment would pose much less risk of prejudice to either party. Moreover, there is a significant public interest in resolving this action promptly, given the nationwide epidemic of police violence, the high-profile nature of this case in particular, and the Government's decision to leave these two officers largely on duty since the killing. Finally, because discovery in this case has closed and the parties have fully briefed their pending cross-motions for summary judgment, there is little reason to stay the case now, before the Court rules on the motions and potentially disposes of the matter before trial.

As a preliminary matter, contrary to the Government's cursory discussion of the overlap between this case and the criminal proceedings, as Plaintiffs have already argued to this Court, the two do not overlap completely. The Ghaisars' case is broader: it is about not only the shooting but also the Park Police's treatment of Plaintiffs and their son in the hospital following the shooting. This piece of the Ghaisars' case is distinct from the criminal proceedings against

4

Officers Amaya and Vinyard. Thus, the "concerns in favor of a stay . . . dissipate[]." *Ashworth v. Albers Medical, Inc.*, 229 F.R.D. 527, 530 (S.D. W.Va. 2005).

### I. The Indictments Do Not Establish a Concrete Timeline or Ensure that the Officers Will Ever Testify

The only circumstance that has changed since the Government's prior motion to stay is that the officers have now been indicted in Fairfax County. The Government suggests that the indictments should allay the concerns the Court expressed at the hearing on the motion to stay regarding the possibility of an indeterminate delay of this case, because the officers have a right to a speedy trial. However, as the Ghaisars' counsel explained at the hearing on the motion to stay, the Department of Justice has already said that it plans to support removal of the criminal case to federal court and argue that the officers are immune from criminal prosecution under the Supremacy Clause. Hr'g Tr. (Dkt. No. 95) 13:23-14:2. Indeed, in the press release announcing the indictments, the Fairfax County Commonwealth's Attorney stated that he has already sought assistance from the Virginia Attorney General to litigate the anticipated removal issue and subsequent federal proceedings.[1] As Plaintiffs' counsel also noted, that litigation will almost certainly be appealed to the Fourth Circuit and ultimately to the Supreme Court. Hr'g Tr. 14:5-6. Thus, the timeline for the completion of the criminal proceedings is far less concrete and short-term than the Government suggests.

Moreover, even the conclusion of the Virginia criminal proceeding will not ensure that the officers will ever be available to testify in this case. Whatever the outcome of the criminal case, the officers still face the possibility of *federal* criminal charges for years and perhaps the

---

[1] Fairfax County Office of the Commonwealth's Attorney, *Commonwealth's Attorney Descano Official Statement Announcing Indictments in the Bijan Ghaisar Case* (Oct. 15, 2020), https://www.fairfaxcounty.gov/commonwealthattorney/commonwealths-attorney-descano-official-statement-announcing-indictments-bijan-ghaisar-case.

rest of their lives, since the Double Jeopardy Clause does not protect them from being tried in parallel federal criminal proceedings. *Gamble v. United States*, 139 S. Ct. 1960, 1964 (2019). And some of the federal crimes that the facts support have no statute of limitations.[2] Thus, there is no guarantee that the officers will *ever* be willing to testify in this case.

## II.     A Stay Will Clearly Prejudice the Plaintiffs

The uncertainty as to the timeline of the criminal proceedings, together with the question of whether the officers will testify, mean that an indefinite stay will cause significant prejudice to the Ghaisars. This prejudice significantly outweighs any potential prejudice to the Government of denying an indefinite stay, particularly considering that it is hardly clear that proceeding to trial without the officers' testimony would be more prejudicial to the Government than to the Ghaisars.

The Government focuses heavily on the potential prejudice to it from the fact that Officers Amaya and Vinyard are expected to invoke their Fifth Amendment right against self-incrimination and decline to testify at trial. The Government argues that it "should be able to have its liability in this case decided on a full record." Def.'s Br. at 9. Of course, the same is even more true for the Ghaisars. Indeed, the Government's argument is significantly less compelling when considered in the context of the arguments it has made throughout the summary judgment briefing. The Government has repeatedly attempted to use the officers' refusal to testify in this case to its *advantage*. *See* Pls.' Reply in Supp. of Mot. for Summ. J. (Dkt. No. 114) at 7. At the same time, the Government has argued, and does again here, that the Ghaisars should not be entitled to adverse inferences from the officers' invocation of the Fifth Amendment. In effect, the Government is attempting to have its cake and eat it too.

---

[2] *See, e.g.*, 18 U.S.C. §§ 242 (deprivation of rights) and 3281 (no limitation),

6

The Government has dealt with the dissonance between these two arguments by ignoring it. The Government has yet to engage with Plaintiffs' repeated arguments on the merits of adverse inferences.[3] However, the Government cannot change the law and the facts in this case by simply ignoring them. The simple fact is that the Ghaisars have been disadvantaged in this litigation by the officers' invocation of the Fifth Amendment at least as much as the Government. *See id.* at 3-7. As Plaintiffs have repeatedly argued, it is because of that unfair disadvantage that the Court should draw adverse inferences against the Government. *Id.* In fact, the potential unfairness to the Ghaisars of the officers' refusal to testify at trial outweighs any potential unfairness to the Government, particularly given the Government's attempts to gain an additional advantage by using the lack of testimony as a "sword." *Deakins v. Pack*, 957 F. Supp. 2d 703, 727 (S.D. W. Va. 2013).

The possibility that the officers will have the threat of federal criminal charges hanging over them for years to come means that a stay will do nothing more than delay the Ghaisars pursuit of justice for perhaps years. Meanwhile, whereas proceeding to trial could *potentially* create some prejudice to both Plaintiffs and the Government, a stay would *clearly* create substantial prejudice to the Ghaisars. "A non-moving party can suffer prejudice when a stay is reasonably expected to cause a significant delay in proceedings." *Gibbs*, 331 F. Supp. 3d at 527. Courts in this district have found a delay of a few months creates a "significant likelihood of prejudice" to the party opposing a stay. *Sehler v. Prospect Mortg., LLC*, 2013 WL 5184216, *3 (E.D. Va. Sept. 16, 2013) (denying stay where anticipated delay was "four to six months"); *see also Gibbs*, 331 F. Supp. 3d at 528 (denying stay where party opposing stay noted that a relevant

---

[3] In its brief in support of reconsideration, the Government does acknowledge that the officers' testimony would be relevant to the Ghaisars' case. Def.'s Br. at 9. It apparently fails to see that this shows that Plaintiffs are also prejudiced by the officers' failure to testify.

7

decision was unlikely to come for "months"). Here, the Ghaisars have already waited nearly three years to obtain justice for their son's death. As noted, the indictments do not establish a concrete timeline for the conclusion of the criminal proceeding because the anticipated federal litigation may drag out the criminal proceeding for months or years. Forcing Plaintiffs to wait substantially longer than they have already for a resolution in this matter would severely prejudice them.

Moreover, the potential lack of useful testimony at trial will only worsen with a stay. Not all eyewitnesses to parts of the incident were deposed. Although many key witnesses have been deposed, live testimony is preferable to using deposition testimony at trial. *E.g. Samsung Electronics Co. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 718 (E.D. Va. 2005); *see also* Fed. R. Civ. P. 32, 43. To the extent that eyewitnesses could be called at trial, the delay has resulted already in nearly three years passing by since the shooting, and a stay would exacerbate the delay, allowing greater potential for "witnesses [to] relocate, memories [to] fade." *In re Mid-Atlantic Toyota Antitrust Litig.*, 92 F.R.D. 358 (D. Md. 1981).

If the Court were to grant the Government's request for an indefinite stay, it is clear that Plaintiffs would be prejudiced. The balance of the competing prejudices clearly disfavors a stay here.

### III. The Public Interest Favors a Prompt Resolution of these Proceedings

A stay of this case would be contrary to the public interest. The public interest in the prompt resolution of civil actions is even greater than usual here. Plaintiffs are not only seeking justice for their son's death, but this case is also part of a broader effort to address an ongoing harm to the public. As recent events have demonstrated, excessive force cases like the killing of Bijan are all too common. *See, e.g.*, *Estate of Jones v. City of Martinsburg*, 961 F.3d 661, 673

8

(4th Cir. 2020) (observing, of incidents like this one, "This has to stop."). Prompt resolution of this action, particularly if it is resolved in Plaintiffs' favor, will best fulfill the Court's important role in holding police departments accountable for their officers' misconduct.

### IV. There Is No Reason to Suspend this Case Before the Court Rules on the Parties' Dispositive Motions

For all of the reasons discussed above, an indefinite stay is not appropriate here. Plaintiffs would agree to a **limited** stay of the trial in this matter—however, there is no reason for the Court to stay the proceedings on the parties' dispositive motions. Discovery is closed in this matter, and the parties have already fully briefed the motions. Judicial economy thus favors the Court ruling on the motions. *See Crosby v. City of Gastonia*, 635 F.3d 634, 644 n.11.

The late timing of the Government's motion is notable. "When courts *do* grant a stay, it is often early in litigation, to minimize prejudice to either party." *Gibbs v. Plain Green, LLC*, 331 F. Supp. 3d 518, 528 (E.D. Va. 2018). The Government filed its first motion to stay on August 19—five days after discovery closed in this matter. It filed its second request for a stay on October 20, three days before this Court was scheduled to hear argument on the parties' fully-briefed dispositive motions. There is no reason for the Court to grant the Government's request to further delay pretrial litigation in this case, particularly given that the record is fully developed and briefing on dispositive motions is complete.

The Court should again decline the Government's invitation to delay these proceedings further at a point where there is little risk in completing pretrial litigation.

### CONCLUSION

The Government has not met its heavy burden to show that the changed circumstances create "clear and convincing circumstances" outweighing the potential harm of a stay to the Ghaisars. Even if a stay might be justified at some point, the Government has provided no reason

at all to stay the case *now*, suspending pretrial litigation. The Court should deny the motion for reconsideration. At most, the Court should order a limited stay of the trial in this matter and set a status conference for March 2021.

Dated: October 26, 2020 Respectfully submitted,

/s/ Thomas G. Connolly
Thomas G. Connolly (VA Bar No. 29164)
Roy L. Austin, Jr. (*pro hac vice*)
HARRIS, WILTSHIRE & GRANNIS LLP
1919 M Street NW, 8th Floor
Washington, D.C. 20036
Telephone: 202-730-1300
tconnolly@hwglaw.com
raustin@hwglaw.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2020 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve notice of such filing upon all parties and counsel of record.

/s/ Thomas G. Connolly

Thomas G. Connolly (VA Bar No. 29164)
HARRIS, WILTSHIRE & GRANNIS LLP
1919 M Street NW, 8th Floor
Washington, D.C. 20036
Telephone: 202-730-1300
tconnolly@hwglaw.com