1    UNITED STATES DISTRICT COURT
     EASTERN DISTRICT OF VIRGINIA
2         ALEXANDRIA DIVISION

3
JAMES GHAISAR AND KELARA GHAISAR,)
4 INDIVIDUALLY AND AS PERSONAL     )
REPRESENTATIVES AND               )
5 CO-ADMINISTRATORS OF THE ESTATE  )
OF BIJAN C. GHAISAR, DECEASED     )
6                                  )
                                   )        1:19-CV-1224
7                                  )
     VS.                           )   ALEXANDRIA, VIRGINIA
8                                  )    OCTOBER 30, 2020
                                   )
9 UNITED STATES OF AMERICA         )
_____)
10

11

12

13

14

15 _____

             **TRANSCRIPT OF MOTION HEARING**
16      **BEFORE THE HONORABLE CLAUDE M. HILTON**
            **UNITED STATES DISTRICT JUDGE**
17 _____

18

19

20

21

22

23

24 **Proceedings reported by stenotype, transcript produced by**

25 **Julie A. Goodwin.**

1                    **A P P E A R A N C E S**

2

3   FOR THE PLAINTIFFS:
            HARRIS, WILTSHIRE & GRANNIS LLP
4            By:  MR. THOMAS G. CONNOLLY
            MR. ROY L. AUSTIN, JR.
5            1919 M Street NW
            Eighth Floor
6            Washington, D.C.  20036
            202.730.1300
7            tconnolly@hwglaw.com

8

9

10  FOR THE DEFENDANT:
            UNITED STATES ATTORNEY'S OFFICE - CIVIL DIVISION
11           By:  MS. MEGHAN E. LOFTUS
            MR. DENNIS C. BARGHAAN, JR.
12           MS. KIMERE J. KIMBALL
            Assistant U.S. Attorneys
13           2100 Jamieson Avenue
            Alexandria, Virginia  22314
14           703.299.3700
            meghan.loftus@usdoj.gov
15           dennis.barghaan@usdoj.gov
            kimere.kimball@usdoj.gov

16

17

18

    OFFICIAL U.S. COURT REPORTER:
19           MS. JULIE A. GOODWIN, CSR, RPR
            United States District Court
20           401 Courthouse Square
            Eighth Floor
21           Alexandria, Virginia  22314
            512.689.7587

22

23

24

25

1  (OCTOBER 30, 2020, 9:54 A.M., OPEN COURT.)

2          THE COURTROOM DEPUTY:  Civil Action Number

3  2019-CV-1224, *Ghaisar, et al. versus United States of America.*

4          MR. CONNOLLY:  Your Honor, good morning.  Tom Connolly

5  and Roy Austin on behalf of the Ghaisar family.

6          THE COURT:  Good morning.

7          MS. LOFTUS:  Good morning, Your Honor.  Meghan Loftus,

8  Assistant United States Attorney, here on behalf of the United

9  States.  With me at counsel's table is Deputy Civil Chief

10  Dennis Barghaan and Assistant United States Attorney Kimere

11  Kimball, along with our paralegal, Petra Kruzel.

12          Your Honor, there are two motions here before the

13  Court this morning, or two sets of motions rather, the United

14  States' motion to reconsider the stay and the parties'

15  cross-motions for summary judgment.

16          Respectfully, the United States would like to be

17  heard first on the stay motion.

18          THE COURT:  All right.

19          MS. LOFTUS:  Before I proceed, I'll be arguing the

20  stay motion and my colleague, Ms. Kimball, will be arguing the

21  wrongful death claim on the parties' cross-motions for summary

22  judgment, and I will also be handling the intentional

23  infliction of emotional distress claim for the United States.

24          Your Honor, this Court denied our motion to stay

25  back in August because there was no timetable as to whether or

when there would be indictments of Officers Amaya and Vinyard
in Fairfax County, but now we know that the circumstances have
changed. Both officers have been indicted by a grand jury in
Fairfax County for the very same conduct at issue in this civil
case.

The United States and plaintiffs agree that it
would be appropriate for this Court to stay the trial currently
scheduled for November 16th through 18th. The only point of
disagreement between the parties is whether the Court should
proceed to rule on summary judgment now or to wait. Plaintiffs
would prefer that this Court move ahead with ruling on summary
judgment, but functionally, there's no difference between
summary judgment and trial.

Both the legal standard and the evidence that the
Court would consider is the same in both. And as this Court
can see in the parties' summary judgment briefings, both sides
utilize information from the officers to establish elements of
their claims, the plaintiffs through adverse inferences and the
United States via its expert witness. Now the parties dispute
the opposing party's use of the testimony in this way. The
Court would need to decide these hotly contested legal issues
to resolve summary judgment. Whereas if the case were stayed,
those issues may very well be resolved.

As to the length of any possible delay from a stay,
no one can definitively say when the criminal charges will be

1  resolved.  There are statutory and constitutional speedy trial

2  concerns that could provide some guide, but in any event, a

3  mere delay in resolving the civil case does not merit denying

4  the stay.  In fact, courts in similar postures where there has

5  been an indictment but no criminal trial date yet set have

6  stayed the civil case.

7       And unless this Court has further questions, the

8  United States respectfully requests that you reconsider its

9  motion to stay all the proceedings and stay the proceedings

10 pending the resolution of criminal charges in Fairfax County.

11      THE COURT:  All right.

12      What a fancy mask you have there.  That's two -- I

13 don't usually see the two-toned.

14      MR. CONNOLLY:  Judge, my wife is an artist, and she

15 stole from Rothko, I think.

16      May it please the Court.  Your Honor, almost three

17 years ago Bijan Ghaisar was gunned down by two Park Police

18 officers.  His family has waited now three years to get some

19 semblance of justice in this case.  And now we sit here, three

20 years later, and the government has once again asked for an

21 indefinite stay of this case.

22      As I explained in the last argument, I want at

23 least the Court to understand what that actually means for the

24 Ghaisar family.  That means within the next month or two

25 counsel for the indicted officers will be in this court seeking

1    an argument that they should not be prosecuted whatsoever

2    because they have immunity under the supremacy clause.  That

3    litigation will last months, if not longer.

4            And whatever party does not prevail in that case is

5    going to go back in front of the Fourth Circuit and they're

6    going to argue that on appeal.  And we're talking about 18

7    months to two years before the Ghaisars are back here in this

8    courtroom.  And all that might, might matter - might - if they

9    had any assurance here at all that these police officers will

10    ever testify under any circumstances.

11            And, Judge, they won't.  There is zero chance of

12    that happening.

13            So, the officers may or may not prevail on their

14    supremacy clause immunity argument, but let's not forget that

15    the federal charges here may not be over, because let me assure

16    the Court that if there's a change in administration,

17    Mr. Austin and I will be going back to the Department of

18    Justice asking them to revisit the decision about whether their

19    lying prosecutors recommended a prosecution of these officers,

20    and it was only barred by political agents of the Department of

21    Justice.

22            Under those circumstances, there is no chance that

23    any competent defense lawyer would ever allow these police

24    officers to testify under any circumstances, particularly since

25    federal charges don't carry any statute of limitations.

1          We are never going to hear the testimony of these

2   officers ever, whether it's three months from now or six months

3   from now or 18 months from now or 24 months from now.

4          So, it seems that the government is proposing the

5   following:  An indefinite stay perhaps that lasts two years,

6   Your Honor.  So we're here two years now, later.  And what do

7   we say?  Has the United States reached out to these -- the

8   officers' attorneys now to ask whether, assuming such and such

9   happens in the next 6 to 8 to 12 or 15 months, whether the

10  officers would testify or not?

11         I think that's a question the Court should direct

12  to the prosecutors, because I guarantee they haven't.  And the

13  reason is that they understand there will never be testimony by

14  these officers in this case or otherwise.

15         So what the government seems to be proposing is the

16  following:  Some indefinite time, two years hence, the Ghaisars

17  will now have waited five years to get some semblance of

18  justice.  We'll come back in front of this Court, and we'll

19  make a determination whether these officers will testify or

20  not.

21         So let's assume that the unicorn event occurs and

22  these guys -- the officers say, yes, we will testify.  So what

23  do we do then?  Are the government then saying, Judge, we need

24  to reopen discovery now?  We need to reopen the discovery that

25  we have undertaken for the last nine months, reopen discovery

1  so that we can get the testimony of the officers and the

2  deposition so that we can then have a whole new round of

3  summary judgment briefs to tee this up for the Court again.  So

4  now we're at five and a half years.

5          The Ghaisars, Your Honor, they desperately wanted

6  to hear from these officers.  They're the party that have been

7  harmed by these officers' refusal to testify.  They wanted me

8  and Mr. Austin to ask questions such as, how in the world when

9  you know that Bijan Ghaisar was struck in a minor traffic

10  accident, how in the world would you run up to his -- his car

11  and point a weapon at his head?

12          Not once, not twice.  How in the world, Officers,

13  would you possibly think is appropriate to execute this man

14  after a minor traffic stop where he's -- there's no hint of

15  violent conduct, no hint of harm to himself or others or these

16  officers, not a hint whatsoever.

17          The Ghaisars would like the answers to those

18  questions from these officers' mouths, but they'll never get it

19  because these officers will never testify.

20          So we have a situation here where the officers'

21  refusal to testify -- and by the way, it's their constitutional

22  right.  I'm not criticizing that.  Their refusal to testify

23  perhaps has harmed the government some.  It's clearly harmed

24  the Ghaisars.  They've not been able to get answers to the

25  questions that they've been wanting to get answers for three

years:  Why in the world did this happen?  But when you have a

weight of the equities in terms of the harms to the two

parties -- the Ghaisar family, they didn't hire these officers.

They didn't train them.  They didn't fail to discipline them

when they had created excessive force in past incidences.  They

had nothing to do with them.

          These are officers hired by the United States,

trained by the United States.  And under those circumstances in

light of the alignment of the parties, as we've mentioned

multiple times in our briefs, what happened in those

circumstances routinely, as courts say, in light of those

circumstances -- in fact, the plaintiffs themselves are harmed

by this -- we will draw adverse inferences against the

officers.  We will go forward on summary judgment.  And that's

what I'm urging the Court to do today.

          THE COURT:  All right.

          MS. LOFTUS:  Thank you, Your Honor.

          As Mr. Connolly notes, it is -- none of us can sit

here today and predict the timing of when these criminal

charges will be resolved, but this is a situation that courts

face time and again in the face of an uncertain criminal trial

schedule.  In fact, there are cases cited in our briefs where

courts have stayed the civil cases pending the conclusion of

investigations, which is certainly not the posture we're in

here, but all this to say is it would not be unprecedented to

1    stay the proceedings here.

2          I would also note that this Court had the *Bivens*

3    litigation that involved the officers directly, and they told

4    this Court in filings that they wanted to testify.  I believe

5    that was the filing to stay the *Bivens* action.  I don't have

6    the docket number in front of me.

7          And finally, I would just like to note, as we'll

8    discuss once we get into the summary judgment briefing, our

9    colleagues wish this Court to draw adverse inferences.  We

10   disagree because of the fact that this Court cannot draw

11   reliable adverse inferences given what limited officer

12   testimony we do have in the record, and so both parties are --

13   are in a situation where the officer testimony is absolutely

14   essential to their cases.

15         And for the reasons stated earlier and in both of

16   our sets of briefings, we respectfully request that you stay

17   these proceedings until the resolution of criminal charges.

18         THE COURT:  Well, I believe I ought to reconsider my

19   denial of a stay.  I believe the government is entitled to have

20   the testimony of the officers, and in the interest of justice

21   we ought to have the testimony of the officers if that can be

22   had.  And I think you're entitled to a reasonable stay to

23   figure out how this is going to turn out.

24         Now, plaintiffs' counsel projects it to be years

25   and years.  Maybe, maybe not.  I don't know.  But what would

1  be -- I'll grant a stay in this case, but I'm not going to

2  grant an unlimited one.

3  What would be a reasonable period of time?  Do you

4  have any idea of the scheduling that's been done in this case

5  in Fairfax?

6  MS. LOFTUS:  Your Honor, I -- I do not.  I believe

7  that the plaintiffs had proposed reconvening in March of 2021

8  to assess where we are at with the schedule and to -- to go

9  forward and to determine whether the stay needs to stay in

10  place or whether the Court should revisit it at that time.  But

11  I -- I don't have any knowledge as to what the timeline in

12  Fairfax --

13  THE COURT:  Well, what, are you asking me to continue

14  this to March 2021?

15  MS. LOFTUS:  I --

16  THE COURT:  Stay until March 2021?

17  MS. LOFTUS:  I would ask this Court to stay the

18  proceedings and then reconvene the parties for a status hearing

19  in March of 2021, where this Court can assess whether or not

20  the stay needs to remain in place given the facts that are

21  available to the parties and the Court at that time.

22  THE COURT:  All right.  Well, I think that's

23  reasonable.

24  You want to opine on the reasonableness or --

25  MR. CONNOLLY:  Your Honor, whether I think it's

1 reasonable or not, I'm not wearing the robe, so we're going to

2 honor whatever the Court orders.

3         THE COURT:  Well, I mean, I'll listen to you as to

4 timing.  I mean, I'm going to grant a stay, but would that be

5 reasonable to give you --

6         MR. CONNOLLY:  Yes, Your Honor.

7         THE COURT:  -- until March and then --

8         MR. CONNOLLY:  Yes.

9         THE COURT:  -- and then see where we're going?  Okay.

10         MR. CONNOLLY:  Of course.  And we'll be available any

11 date that you order us.

12         THE COURT:  All right.  Well, whatever time.  I don't

13 care.  Any Friday in March.

14         What about the end of March?  Last Friday in March,

15 whatever that is?

16         THE COURTROOM DEPUTY:  That would be the 26th.

17         THE COURT:  26th?

18         MS. LOFTUS:  Yes, sir, and that works for the

19 government.

20         THE COURT:  All right.  Well, we'll put the stay in

21 effect until March the 26th for a status conference.

22         And I don't believe we ought to hear summary

23 judgment motions at this time.  We've got a stay in the case.

24         MR. CONNOLLY:  Of course not, Your Honor.  I

25 wouldn't -- I wouldn't ask you to do that in light of your

1    order.  Of course.

2              THE COURT:  Okay.

3              MR. CONNOLLY:  Yeah.

4              What I didn't hear unfortunately, forgive me, is I

5    didn't hear the date that we're coming back.

6              THE COURT:  March 26.

7              MR. CONNOLLY:  The 26th.  Okay.  Thank you.

8              THE COURT:  All right.  Thank you.

9              We'll adjourn until Monday morning at 9:30.

10             THE LAW CLERK:  All rise.

11             (PROCEEDINGS CONCLUDED AT 9:21 A.M.)

12                            -oOo-

13

14

15   UNITED STATES DISTRICT COURT   )
     EASTERN DISTRICT OF VIRGINIA   )
16
               I, JULIE A. GOODWIN, Official Court Reporter for
17   the United States District Court, Eastern District of Virginia,
     do hereby certify that the foregoing is a correct transcript
18   from the record of proceedings in the above matter, to the best
     of my ability.
19             I further certify that I am neither counsel for,
     related to, nor employed by any of the parties to the action in
20   which this proceeding was taken, and further that I am not
     financially nor otherwise interested in the outcome of the
21   action.
               Certified to by me this 24TH day of MARCH, 2021.
22

23

24             ___/s/_____
               JULIE A. GOODWIN, RPR
25             Official U.S. Court Reporter
               401 Courthouse Square
               Alexandria, Virginia  22314

                                              Julie A. Goodwin, CSR, RPR

1                                   <u>**INDEX**</u>

2

3    **OCTOBER 30, 2020**

4                                                             <u>**PAGE**</u>

5

6    Argument by Ms. Loftus.................................   3

7    Argument by Mr. Connolly..............................   5

8    Further Argument by Ms. Loftus........................   9

9    Judge's Ruling........................................  10

10   Reporter's Certification..............................  13

11                              -*-*-*-

12

13

14

15

16

17

18

19

20

21

22

23

24

25