# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JAMES GHAISAR et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Civil Action No. 1:19-cv-1224 (CMH/IDD) |

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEPOSITION TESTIMONY

Plaintiffs respectfully request that this Court compel Officers Amaya and Vinyard to respond to questions asked during their depositions.

### FACTUAL BACKGROUND

*Officers Amaya and Vinyard Shot Bijan Ghaisar on November 17, 2017.*

On November 17, 2017, twenty-five-year-old Bijan Ghaisar was rear-ended by an Uber driver in a minor collision that caused no injuries. Despite knowing that Bijan was the victim of that rear-end collision and despite having no information that Bijan posed a threat of any kind, U.S. Park Police Officers Alejandro Amaya and Lucas Vinyard (the "Officers") chased Bijan down the George Washington Memorial Parkway and shot him to death.

*The Fairfax County, Virginia Criminal Prosecution Has Concluded.*

Fairfax County, Virginia initiated criminal prosecutions against Officers Amaya and Vinyard for the shooting death of Bijan Ghaisar. Those matters began in state court and were later removed to this federal Court. Notice of Removal, *Commonwealth v. Amaya*, No. 1:21-cr-00091 (E.D. Va. Apr. 23, 2021), ECF No. 1; Notice of Removal, *Commonwealth v. Vinyard*, No. 1:21-

1

cr-00092 (E.D. Va. Apr. 23, 2021), ECF No. 1.[1] On October 22, 2021, this Court dismissed the criminal case against Officer Amaya (Order, *Commonwealth v. Amaya*, No. 1:21-cr-00091 (E.D. Va. Oct. 22, 2021), ECF No. 20) and Officer Vinyard (Order, *Commonwealth v. Vinyard*, No. 1:21-cr-00092 (E.D. Va. Oct. 22, 2021), ECF No. 24).

The criminal case against the Officers was appealed by the Commonwealth of Virginia to the Fourth Circuit Court of Appeals. On April 25, 2022, the Fourth Circuit entered an order dismissing the Commonwealth's appeal pursuant to Local Rule 42(b). Rule 42(b) Mandate, *Commonwealth v. Amaya*, No. 1:21-cr-00091 (E.D. Va. Apr. 25, 2022), ECF No. 36; Rule 42(b) Mandate, *Commonwealth v. Vinyard*, Case No. 1:21-cr-00092 (E.D. Va. Apr. 25, 2022), ECF No. 33.

*The Federal Government Has Repeatedly Declined to Prosecute the Officers.*

The federal government has declined on three separate occasions to prosecute the Officers for their actions:

- On November 14, 2019, representatives from the United States Attorney's Office for the District of Columbia stated that the office had "declined to prosecute this matter as a federal civil rights crime." *See* Exhibit A at 2. The letter noted that "our conclusion in this matter is limited to a federal civil rights prosecution and does not preclude other components of the U.S. Department of Justice, other agencies, or state authorities from taking action, where appropriate, under their separate enforcement authority." *See* Exhibit A at 2.
    - On November 14, 2019, the Department of Justice also issued a public statement

---

[1] On October 20, 2020, Defendant United States of America filed a Motion for Reconsideration of its Motion to Stay the Proceedings in this Court, arguing that this matter should be stayed pending the Virginia criminal prosecution. Mot. for Recons., Oct. 20, 2020, ECF No. 121. Following a hearing on October 30, 2020, this Court granted Defendant's motion and stayed this case on November 2, 2020. Order, Nov. 2, 2020, ECF No. 137.

- that it "will not pursue federal criminal civil rights charges against the United States Park Police (USPP) officers involved in the fatal shooting of 25-year-old Bijan Ghaisar." *Federal Officials Close Investigation Into the Death of Bijan Ghaisar*, U.S. Dep't of Just. (Nov. 14, 2019), https://www.justice.gov/usao-dc/pr/federal-officials-close-investigation-death-bijan-ghaisar. *See* Exhibit B.

- On June 9, 2022, the Assistant Attorney General for the U.S. Department of Justice Civil Rights Division advised that her office "declined to reopen the investigation into Mr. Ghaisar's death," noting that "Department officials closed the matter without federal prosecution" in 2019 and that "[s]ince the Department closed its investigation, the Commonwealth of Virginia initiated its own criminal prosecution. However, after consideration of motions and briefs filed by the Commonwealth and the defendants, a federal judge in the United States District Court for the Eastern District of Virginia ultimately dismissed the Commonwealth's criminal charges." *See* Exhibit C.

- On October 13, 2022, the Deputy Assistant Attorney General for the U.S. Department of Justice Civil Rights Division stated that "the Department does not have an adequate basis to reopen its prior investigation." *See* Exhibit D.

*Officers Amaya and Vinyard Invoked the Fifth Amendment at their Depositions in August 2020 and Again in October 2022.*

On August 4 and 12, 2020, Plaintiffs took the depositions of Officer Amaya and Officer Vinyard, respectively. Officers Amaya and Vinyard were asked specific questions about each of their actions on the night they killed Bijan. Each time, they invoked their Fifth Amendment privilege against self-incrimination and refused to respond. Neither officer provided responses to any substantive questions throughout their August 2020 depositions. At the time they invoked their

3

Fifth Amendment right, the Officers expected to be prosecuted by state and possibly federal authorities in the near future.

On June 30, 2022, Plaintiffs filed a motion to re-open discovery for the limited purpose of re-deposing Officers Amaya and Vinyard who, Plaintiffs noted, "are now not at risk of criminal prosecution either at the state or federal level." Mot. to Lift Stay and Reopen Disc. for Limited Purpose at 6, ECF No. 141. This Court granted Plaintiff's motion on August 5, 2022, and Plaintiffs deposed Officers Amaya and Vinyard on October 11 and October 17, respectively. Order, ECF No. 145. Both officers again asserted the Fifth Amendment privilege in response to every substantive question asked at their October 2022 depositions.

Officers Amaya and Vinyard are now not at risk of criminal prosecution either at the state or federal level and, as discussed below, are not entitled to invoke the Fifth Amendment in response to questions at deposition. Plaintiffs respectfully request that this Court compel the Officers to respond to questions asked at deposition.

**LEGAL STANDARD**

"It is well established that the [Fifth Amendment] privilege protects against real dangers, not remote and speculative possibilities." *Zicarelli v. N.J. State Comm'n of Investigation*, 406 U.S. 472, 478 (1972). *See also Mason v. United States*, 244 U.S. 362, 364–65 (1917) (citing *Heike v. United States,* 227 U.S. 131, 144 (1913); *Brown v. Walker*, 161 U.S. 591, 599–600 (1896)) ("The constitutional protection against self-incrimination 'is confined to real danger, and does not extend to remote possibilities out of the ordinary course of law.'"); *U.S. ex rel. DRC, Inc. v. Custer Battles, LLC*, 415 F. Supp. 2d 628, 633 (E.D. Va. 2006) (citations omitted) ("A valid assertion of the privilege requires only the existence of a plausible possibility that the person might be prosecuted

in this country. Thus, the privilege may not be validly asserted when the feared prosecution is barred by the statute of limitations, double jeopardy, immunity or limited to a foreign jurisdiction.").

Rule 37 of the Local Rules for the United States District Court for the Eastern District of Virginia permits a "party initiating discovery to place the matter before the Court by a proper motion . . . to compel an answer, production, designation, or inspection." E.D. Va. Civ. R. 37.

**ARGUMENT**

Given that the state prosecution against the Officers has concluded, and the federal government has repeatedly declined to prosecute, Officers Vinyard and Amaya cannot show a realistic possibility that they will be subjected to future prosecution and are not entitled to assert a Fifth Amendment right to shield them from answering questions at deposition.

*A. There is No Realistic Possibility of State Criminal Prosecution Against the Officers.*

The criminal prosecution initiated by Fairfax County, Virginia against the Officers has come to its conclusion. This Court dismissed the criminal cases against both officers on October 22, 2021. The appeal of that decision was dismissed on April 25, 2022. Rule 42(b) Mandate, *Commonwealth v. Amaya*, Case No. 1:21-cr-00091 (E.D. Va. Apr. 25, 2022), ECF No. 36; Rule 42(b) Mandate, *Commonwealth v. Vinyard*, Case No. 1:21-cr-00092 (E.D. Va. Apr. 25, 2022), ECF No. 33. There have been no further proceedings in either criminal matter since the appeal was dismissed.

There remains no "plausible possibility" of state prosecution against the Officers, as the Fairfax County, Virginia prosecution has already run its course. The Officers should not be permitted to assert the Fifth Amendment in this civil case by invoking a "remote possibilit[y] out

of the ordinary course of law" of future state prosecution—no such possibility exists. *See In re Grand Jury Subpoena to Doe*, 41 F. Supp. 2d 616, 624 (W.D. Va. 1999) (finding "but a fanciful possibility" that the party asserting Fifth Amendment would be prosecuted for his actions).

    *B. There is No Realistic Possibility of Federal Criminal Prosecution Against the Officers.*

The federal government has now stated three times, over the course of three years and two administrations, that it will not prosecute Officers Amaya and Vinyard for shooting and killing Bijan Ghaisar. The Department of Justice has stated its refusal to prosecute unequivocally, saying "[t]he Justice Department *will not* pursue federal criminal civil rights charges against the United States Park Police (USPP) officers involved in the fatal shooting of 25-year-old Bijan Ghaisar." *See* Exhibit B (emphasis added). There is thus no "plausible possibility" of federal prosecution.

In *Belmonte v. Lawson*, the "specific question presented [was] whether a party may invoke the Fifth Amendment privilege where . . . the statute of limitations has run on any possible state criminal prosecution and the federal prosecutor, by affidavit, avers that there is no 'reasonable likelihood of any federal prosecution.'" *Belmonte v. Lawson*, 750 F. Supp. 735, 736 (E.D. Va. 1990). In *Belmonte*, "[a] supporting affidavit from the United States Attorney reflect[ed] that the matter was investigated, the evidence reviewed and a decision then made not to prosecute. The affidavit further reflect[ed] that the file has been closed and no further investigation is contemplated." *Id.* at 737. The court in *Belmonte* nonetheless found that it "cannot confidently conclude that there is no realistic possibility of prosecution" because "[w]hile the United States Attorney disavows any *current intention* to prosecute, the future is more problematical." *Id.* at 738–739. The court noted that the federal statute of limitations had not yet expired, and the next United States Attorney might reach a "different prosecutorial decision." *Id.* at 739. Thus, the "[t]he heart of [the *Belmonte* court's] conclusion is the recognition that the right to assert the privilege

'does not depend upon the *likelihood*, but upon the *possibility* of prosecution.' . . . [I]n assessing whether such a possibility exists, courts should avoid engaging in crystal ball forecasts about what a prosecutor may or may not do." *Id.* at 739 (citations omitted).

No such ambiguity exists here. The Department of Justice has stated on three separate occasions, across a period of three years and two administrations, that it has no intention of prosecuting the Officers for their conduct. While Plaintiffs do not agree with or support this decision, the Department's repeated statements negate any realistic possibility about whether a "different prosecutorial decision" will be reached in the future.[2] There is no need for this Court to "engag[e] in crystal ball forecasts"—the Department of Justice has made its position crystal clear. This Court is thus not "left to speculate about the likelihood of a prosecution."

In light of these unequivocal statements, the Officers should no longer be permitted to hide behind the shield of the Fifth Amendment.

### C. Both Officers Have Waived Attorney-Client Privilege Over the Subject Matter of Their Proffers.

Moreover, by authorizing their attorneys to submit proffers to the government on their behalf, both Officers have waived attorney-client privilege over the subject matter of their proffers. *See In re Martin Marietta Corp.*, 856 F.2d 619, 623 (4th Cir. 1988) (citations omitted) ("The Fourth Circuit has previously rejected the limited waiver concept as to the attorney-client privilege and as to non-opinion work-product . . . The Fourth Circuit has not embraced the concept of limited

---

[2] *See also Swann v. City of Richmond*, 462 F. Supp. 2d 709, 713 (E.D. Va. 2006) (permitting plaintiff to assert Fifth Amendment privilege where "plaintiff and his counsel were given a letter from the Richmond Commonwealth's Attorney, advising that there was no intent to prosecute plaintiff for any potential drug possession charges" but where plaintiff had not been granted immunity). Here, by contrast, the Department of Justice has stated not once, but on three separate occasions, that it has no intent to prosecute. There is no ambiguity about the Department's course of action and no risk of potential self-incrimination that the Officers can plausibly assert.

7

waiver of the attorney-client privilege. It has held that if a client communicates information to his attorney with the understanding that the information will be revealed to others, that information as well as 'the details underlying the data which was to be published' will not enjoy the privilege."); *see also Hawkins v. Stables*, 148 F.3d 379, 384, n. 4 (4th Cir. 1998) (citing *Martin Marietta* and finding subject matter waiver).

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court compel Officers Alejandro Amaya and Lucas Vinyard to respond to questions asked at deposition.

Dated: November 15, 2022

                                              Respectfully submitted,

                                              /s/ Thomas G. Connolly
                                              Thomas G. Connolly (VA Bar No. 29164)
                                              HWG LLP
                                              1919 M Street NW, 8th Floor
                                              Washington, D.C. 20036
                                              Telephone: 202-730-1300
                                              tconnolly@hwglaw.com

                                              *Counsel for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JAMES GHAISAR et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Civil Action No. 1:19-cv-1224 (CMH/IDD) |

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2022, I filed Plaintiffs' Memorandum in Support of Motion to Compel Deposition Testimony via the CM/ECF system, which will send a Notification of Electronic Filing to the following:

Dennis C. Barghann, Jr.
dennis.barghann@usdoj.gov
Meghan Loftus
meghan.loftus@usdoj.gov
Carolyn M. Wesnousky
carolyn.wesnousky@usdoj.gov

Dated: November 15, 2022

/s/ Thomas G. Connolly
Thomas G. Connolly (VA Bar No. 29164)
HWG LLP
1919 M Street NW, 8th Floor
Washington, D.C. 20036
Telephone: 202-730-1300
tconnolly@hwglaw.com

*Counsel for Plaintiffs*